IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**THE UNITED STATES OF AMERICA**,   *

   *Plaintiff*,   *

   v.   *   Civil No. _____

**RAMBLER ASSOCIATES LIMITED PARTNERSHIP,**   *

   *   

   *Defendant.*

   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT TO FORECLOSE DEFAULTED MORTGAGE

The United States of America, on behalf of the United States Department of Agriculture's Rural Housing Service, hereby files this civil complaint for mortgage foreclosure, and in support thereof states as follows:

## PARTIES

1. Plaintiff is the United States of America, acting through the Rural Housing Service, formerly known as Farmers Home Administration, United States Department of Agriculture (collectively referred to herein as "USDA"), with an office at 1221 College Park Drive, Suite 200, Dover, Delaware 19904.

2. Defendant is Rambler Associates Limited Partnership, a limited partnership located in Maryland. According to records maintained by USDA, Rambler's last known business contact and address are as follows: c/o Robert L. Findley, General Partner, 601 East Naylor Mill Road, Suite H, Salisbury, Maryland 21804.[1]

---

[1] According to the state of Maryland's "Business Entity Search," Rambler's resident agent is still

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 7 U.S.C. § 1981.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

5. On or about March 27, 1987, at the request of Defendant, USDA lent Defendant the sum of $750,000 pursuant to the provisions of Section 515 of Title V of the Housing Act of 1949. *See* 42 U.S.C. § 1485.

6. As evidence of the indebtedness, Defendant executed and delivered to USDA two promissory notes, both dated March 27, 1987. One of the promissory notes was for $700,000.00, and the other was for $50,000.00 (together, the "Promissory Notes"). True and correct copies of the Promissory Notes are attached hereto as **Exhibit A**.

7. On or about March 27, 1987, Defendant, in consideration for the USDA loan, executed and delivered to USDA a Partnership Real Estate Mortgage for Maryland (the "Mortgage"), pursuant to which Defendant granted and conveyed the premises described therein to USDA as security for the Promissory Notes. The Mortgage was recorded among the Land Records of Wicomico County, Maryland, in Liber 246 at Page 759 on March 27, 1987. A true and correct copy of the Mortgage is attached hereto as **Exhibit B**.

8. On or about March 27, 1987, Defendant, in further consideration for the USDA loan, executed and delivered to USDA a security agreement, pursuant to which Defendant granted

---

Robert L. Findley; however, its current principal office is located at 26910 South Tourmaline Drive, Hebron, Maryland 21830. *See* https://egov.maryland.gov/BusinessExpress/EntitySearch/Search (last visited February 16, 2024).

and conveyed to USDA a security interest and assignment of Defendant's interest in all accounts, general intangibles, gross receipts, and other property described therein (the "Security Agreement"). A true and correct copy of the Security Agreement is attached hereto as **Exhibit C**.

9. In order to perfect USDA's security interest in the collateral described in the Security Agreement, a financing statement in favor of USDA was filed on or about March 30, 1987 in the financing records of the Maryland State Department of Assessments and Taxation; and USDA's security interest remains perfected by its filing of numerous financing continuation statements in the same office since its initial filing. True and correct copies of the financing statement and continuation statements are collectively attached hereto as **Exhibit D**.

10. On or about January 1, 2020, the promissory notes were reamortized in the amounts of $715,946.49 and $43,878.67, respectively. As evidence of these reamortizations, the Defendant executed and delivered to Plaintiff reamortization agreements, both dated January 1, 2020. True and correct copies of the reamortization agreements are attached hereto as **Exhibit E**.

11. USDA is the owner and holder of the Promissory Notes, Mortgage, and Security Agreement described herein.

12. Defendant is the mortgagor and real owner of real property located at 303 Crusader Road, Cambridge, Maryland 21613 (the "Premises"), which is the property upon which foreclosure is being sought in this action.

13. Defendant defaulted in the payment of the Promissory Notes by not making payments of principal and interest as required. As provided in the Promissory Notes, and following such defaults, USDA elected to declare, that by reason of the defaults, the entire balance of the Promissory Notes remaining unpaid is due and payable forthwith. A true and correct copy of the

acceleration notice is attached hereto as **Exhibit F**.

14. Defendant failed to pay the entire remaining unpaid balance. Accordingly, as of January 31, 2024, there is now due upon the Promissory Notes the amount of $989,502.99, with interest accruing after that day in the amount of $120.54 per day. A declaration setting forth this indebtedness in detail is attached hereto as **Exhibit G**.

15. By reason of Defendant's default, USDA is entitled to an order of this Court in the manner provided by law:

   a. foreclosing the Mortgage and ordering the sale of the Premises described herein and pursuant to paragraph 29 of said Mortgage;

   b. foreclosing the collateral described in the Security Agreement and ordering the sale or turnover of the collateral pursuant to Section IV.B. of said agreement; and

   c. ordering the application of the proceeds of the foreclosure sale(s) and/or turnover in payment of the judgment of the United States of America against Defendant.

16. To protect the interests of USDA in the assets during the pendency of these proceedings, it is requested by USDA that the United States Marshal for the District of Maryland be appointed Trustee without bond for that purpose.

17. The real property subject to these foreclosure proceedings—the Premises—is not "residential property" as defined in Section 7-105.1(a)(12) of the Real Property Article of the Maryland Code. Therefore, the foreclosure procedures mandated by Section 7-105.1 are not applicable.

18. USDA files this Complaint given that no other action has been brought at law or in equity to enforce the provisions of the aforesaid Promissory Notes, Mortgage, and Security Agreement, all conditions precedent to the bringing of this action have been performed or have occurred, USDA has the lawful right to foreclose, and USDA has complied with the requirements

of 7 C.F.R. Part 3560, Subpart I.

**WHEREFORE**, USDA demands that judgment be entered in favor of the United States of America, and that this Court issue an order as follows:

a. entering of judgment against Defendant in the amount of $989,502.99, as of January 31, 2024, plus interest in the amount of $120.54 per day to the date of judgment, and interest at the legal rate thereafter until the date of full payment;

b. foreclosing the mortgage described herein, ordering the premises described herein to be sold in the manner provided by law, and directing that the proceeds be applied to the costs and expenses of sale, next in satisfaction of USDA's judgment against Defendant;

c. instructing that the surplus of such sale(s), if any, be deposited in the account of the United States Marshal, subject to further order of the Court;

d. foreclosing the collateral described in the Security Agreement, ordering the collateral described therein to be sold or turned over to USDA in the manner provided by law, and ordering that the proceeds be applied to the costs and expenses of sale, next in satisfaction of USDA's judgment against Defendant;

e. instructing that the surplus, if any, be deposited in the account of the United States Marshal, subject to further order of the Court;

f. entering judgment against Defendant for any deficiency remaining after such sale(s);

g. ordering the appointment of the United States Marshal for the District of Maryland as Trustee to serve without bond; and

h. issuing such other and further relief as the Court may deem proper.

                          Respectfully submitted,

                          Erek L. Barron
                          United States Attorney

                          */s/ Matthew Haven*
                          Matthew A. Haven
                          Assistant U.S. Attorney
                          U.S. Attorney's Office
                          District of Maryland
                          36 S. Charles Street, 4th Fl.
                          Baltimore, MD 21201
                          (410) 209-4800

Of Counsel:

Troy B. Mouer, Esq.
Office of the General Counsel
United States Department of Agriculture